WESTINGHOUSE ELECTRIC & MFG. CO. v. MONTGOMERY ELECTRIC LIGHT & POWER CO.

(Circuit Court of Appeals, Second Circuit. June 27, 1907.)

No. 268.

PATENTS—ANTICIPATION—ELECTRICAL DISTRIBUTION.

    The Stanley patent, No. 469,809, for a system of electrical distribution, was not anticipated by the Zipernowski and Deri article published in London in 1885.

On petition for rehearing.

For former opinion, see 153 Fed. 890.

Before WARD, Circuit Judge, and HOLT, District Judge.

PER CURIAM. This is an application by the defendant-appellant for a rehearing. The complainant-appellee is the owner of patent No. 469,809, granted to it as assignee of William Stanley, Jr., March 1, 1892. This court has found, as Coxe, Circuit Judge, did in the Saranac Case (C. C.) 108 Fed. 221, that Stanley made his invention in November, 1885.

The specifications of the patent, between lines 15 and 37 of the second page, provide as follows:

"In the construction of the coils, P and S, the following principles are to be observed: the first thing to be determined is the length of primary wire. This should be of such length that reacting self-inductively upon its own magnetic circuit the average counterpotential so produced approximately equals the potential applied to the primary circuit. When so constructed an ammeter will practically show no current when the secondary circuit is open.

"To obtain these results in practice I use the following method: I first choose the percentage of efficiency to be obtained. Then having selected a type of magnetic circuit affording as great magnetic conductivity as possible, I apply such a length of primary conductor that acting self-inductively upon its core the difference of the counterpotential and the applied potential multiplied by the current in the converter shall equal the pre-determined loss of energy inevitable in conversion and vary the length of primary wire until the desired results are attained."

This quotation is paragraphed for the purpose of making more clear the statement that this court has determined that Stanley's invention was in discovering that the generator and transformer could be so co-ordinated as to give a self-regulating secondary system by winding the primary wire, when the secondary circuit was open, to the point where there was practically no current through the primary. The statement of his practice which follows, represented by the formula $C2R$ referred to throughout the case, this court has held to be no part of the invention.

The above findings dispose of substantially all the grounds suggested for a rehearing, except the ground principally relied on, viz., the defense

of anticipation in certain articles known as the "Zipernowski and Deri articles," published abroad in 1885, before Stanley's invention. This defense was fully considered in the Saranac Case (C. C.) 108 Fed. 221, and 113 Fed. 884, 51 C. C. A. 514, in which, after very careful consideration and an abundance of expert testimony, this court held that these Zipernowski and Deri articles were not an anticipation.

The defendant in this case, not being a party or privy in the Saranac Case, raised the question of anticipation again, but the court followed the finding in that case, saying:

"But this court has already considered and disposed of these alleged anticipations, and has held that they failed to disclose the invention in suit."

If those skilled in the art could have learned from these articles in question, published in August, 1885, that the generator and transformer could be so co-ordinated as to give a self-regulating secondary system by using a primary wire of a certain length when the secondary circuit was open, then the Stanley invention was anticipated and the decision in this case should have been in favor of the defendant.

The subject is complicated and obscure, and has received most careful consideration by this court both in the Saranac Case and in this case. The Zipernowski and Deri articles did not contain, to the mind of the court, any statement that the desired end could be obtained by the use of the primary wire in the manner plainly described in Stanley's specifications. Admitting that Zipernowski and Deri did invent a self-regulating secondary system, and that their system involved the same length of primary wire pointed out by Stanley, still we do not think that the articles in question disclosed even to those skilled in the art the fact that the regulation of the length of this wire was the simple method of obtaining the result.

All the other grounds suggested in the petition for rehearing have been carefully considered, and the petition is denied.